IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW J. BREWER, et al.           )<br>                                                          )<br>          Plaintiffs,                            )<br>                                                          )<br>v.                                                      )<br>                                                          )<br>THE BOARD OF COUNTY           )<br>COMMISSIONERS OF                   )<br>COFFEY COUNTY, KANSAS,       )<br>a governmental entity,                    )<br>                                                          )<br>          Defendant.                          )<br>_____)  | CIVIL ACTION<br><br>No. 06-2126-CM |

## MEMORANDUM AND ORDER

Plaintiffs Matthew J. Brewer, as personal representative of the heirs and the estate of Philip Tyrone Brewer, and Robert and Diana Ross, as co-personal representatives of the heirs and the estate of Sondra Noel Brewer, bring this wrongful death and survival action against defendant Board of County Commissioners of Coffey County, Kansas, alleging (1) negligence and (2) negligent misrepresentation in violation of the Kansas Consumer Protection Act (KCPA), K.S.A. § 50-623 et seq. This matter is before the court on defendant's Motion to Dismiss For Failure to State a Claim (Doc. 35); defendant's Motion to Certify Questions of Law (Doc. 37); and plaintiffs' Opposition to Defendant's Motion to Dismiss for Failure to State a Claim and Plaintiffs' Motion to Amend Complaint (Doc. 38).

**I.      Background**

On November 25, 2003, Philip and Sondra Brewer and Mrs. Brewer's two daughters Marissa and Elisse Vandeventer were killed in an airplane accident. Mr. Brewer was piloting the airplane at the time of the accident. The accident was allegedly caused by mechanical and control problems,

specifically a malfunction with a vacuum pump. The failed vacuum pump was installed on the airplane by its previous owner Burkdoll Construction LLC ("Burkdoll") in November 2001. On June 11, 2002, Burkdoll had the airplane inspected for compliance with Federal Aviation Regulations by Dale Guimond; the Federal Aviation Regulations require an annual inspection and certification. At the time he performed the inspection, Mr. Guimond was an employee of the Coffee County Airport Authority—an entity of defendant. Mr. Guimond inspected and performed maintenance on the airplane. He also certified that the airplane was airworthy and recorded the inspection in the airplane log. On September 2, 2002, more than a year before the accident, Mr. Brewer purchased the airplane from Burkdoll. Plaintiffs allege that Mr. Guimond negligently inspected the airplane and made misrepresentations in the airplane log when he certified the airplane in 2002. Plaintiffs further allege that Mr. Guimond's negligence caused the November 2003 accident.

## II.     Standard of Review

Defendant moves to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

**III. Discussion**

Plaintiffs' claims arise under the Kansas Tort Claims Act (KTCA), K.S.A. § 75-6101 et seq.[1] Under the KTCA, a governmental agency is generally liable for damages caused by the negligence of its employee, when the employee is acting within the scope of his employment, if a private individual would be liable under the laws of Kansas. K.S.A. § 75-6103. Defendant argues that plaintiffs fail to state a claim upon which relief can be granted for the following reasons: (1) defendant is statutorily immune from all of plaintiffs' claims under the KTCA; (2) plaintiffs' survival claims are barred because death was instantaneous; and (3) plaintiffs' negligent misrepresentation claims fail because there was no consumer transaction under the KCPA and because plaintiffs were not the intended recipients of the representations and did not reasonably rely on them.

*A. Immunity*

"[G]overnmental immunity is the exception to the general rule." *Jarboe v. Bd. of County Comm'rs of Sedgwick County*, 938 P.2d 1293, 1300 (Kan. 1997). K.S.A. § 75-6104 sets forth the limited exceptions to governmental liability under the KTCA. As the party seeking immunity, defendant bears the burden to establish that it is immune under one of the exceptions. *Id.* Any doubt is construed against applying the exception. *Mid Am. Credit Union v. Bd. of County Comm'rs*, 806 P.2d 479, 482 (Kan. Ct. App. 1991) (citation omitted). If the government cannot meet this burden, then the general rule of liability governs. *Jarboe*, 938 P.2d at 1300.

Defendant argues that it is immune from liability under the inspection exception to the

---

[1] Defendant asserts, and plaintiffs do not dispute, that all of plaintiffs' claims are asserted under the KTCA and that any non-KTCA claim is barred by the two-year statute of limitations, K.S.A. § 60-513(a).

KTCA, K.S.A. § 75-6104(k),[2] which provides that

> A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:
> . . .
> (k) the failure to make an inspection, or making an inadequate or negligent inspection, of any property other than the property of the governmental entity, to determine whether the property complies with or violates any law or rule and regulation or contains a hazard to public health or safety;

The Kansas Supreme Court interpreted K.S.A. § 75-6104(k) in *Siple v. City of Topeka*, 679 P.2d 190, 194 (Kan. 1984). In *Siple*, the Kansas Supreme Court defined "inspection" for purposes of K.S.A. § 75-6104(k):

> Inspection as used in [K.S.A. § 75-6104(k)] means investigation, or examination for the purpose of determining whether any property other than property of a governmental entity complies with or violates any law or regulation of the governmental entity or constitutes a hazard to public health or safety.

Under this definition, defendant must show that the investigation was performed to determine whether the aircraft (1) complied with Coffey county laws or regulations or (2) was a hazard to public health or safety.

Defendant contends that Mr. Guimond's inspection was directly related to public safety. Plaintiffs argue that the inspection was not for public safety because there was a special relationship with and duty to protect specific individuals—airplane owners—rather than the public at large. In *Siple*, the court recognized that "[i]nspection laws are regulations designed to safeguard the public against fraud, injury and to promote the public health, safety and welfare." 679 P.2d at 194. But, the *Siple* court was considering inspections that "are required by the state or a municipal corporation

---

[2] Defendant also argues for immunity under K.S.A. § 75-6104(i), but it raises this issue in its Reply, and plaintiffs have not responded to this issue. "The Tenth Circuit has stated that generally, a nonmoving party should be given an opportunity to respond to new material raised for the first time in a reply brief." *Gonzalez v. Pepsico, Inc.*, __ F. Supp. 2d __, No. 06-2163-KHV, 2007 WL 1518828, at *13 n.2 (D. Kan. May 24, 2007). Thus, the court will not consider this argument at this stage of the proceeding.

-4-

to determine . . . if the property constitutes a hazard to public health or safety." *Id.* The court was not considering voluntary inspections pursuant to federal law done for specific individuals. Defendant has provided no authority that immunity would apply in this situation, and the court has found none.

The inspection in this case was not being done solely for the safety of the general public. It was also being done for the safety of the airplane owners. And plaintiffs' claims arise from defendant's alleged breach of duty to specific individuals, not a duty to the public at large. After a thorough review of the record and the parties' arguments, the court finds that K.S.A. § 75-6104(k) does not apply because plaintiffs' claims do not arise under the general public safety aspect of the inspection.

Relying on *In re Air Crash Disaster near Silver Plume, Colo.*, *on October 2, 1970*, 445 F. Supp. 384 (D. Kan. 1977), defendant argues governmental immunity should apply to airplane inspections even outside the scope of K.S.A. § 75-6104(k). But in *In re Air Crash Disaster*, governmental immunity applied to an allegedly negligent airplane inspection under the discretionary function exception to the Federal Tort Claims Act. The KTCA has a similar exception, which defendant does not argue applies in this case. For governmental immunity to apply to plaintiffs' claims, defendant must establish that one of the limited exceptions set forth in the KTCA applies to the claims. It has not done so.

In its Reply,[3] defendant argues that Mr. Guimond was not its employee because he was

---

[3] Defendant inappropriately raises this issue for the first time in its Reply, but plaintiffs responded to it in their inappropriately filed surreply. Plaintiffs filed a surreply without seeking leave from the court as required by this court's local rules. *Cochran v. Raytheon Aircraft Co.*, No. 04-1172-JTM, 2005 WL 1266586, at *1 n.1 (D. Kan. May 16, 2005) ("Surreplies are not contemplated by the rules of the court, are both disfavored and exceptional, and will be stricken when filed without express permission of the court.") (internal citations omitted). The court will,

(continued...)

acting on behalf of the Federal Aviation Administration (FAA). The facts regarding Mr. Guimond's employment are undeveloped, and there is evidence in the record suggesting that Mr. Guimond was defendant's employee at the time of the inspection. Thus, the court cannot conclude as a matter of law that Mr. Guimond was an employee of the FAA.

### *B.    Certification*

Defendant moves this court to certify the question of whether he is immune from suit to the Kansas Supreme Court pursuant to the Uniform Certification of Questions of Law Act, K.S.A. § 60-3201. Under K.S.A. § 60-3201, the Kansas Supreme Court may answer questions of law certified to it when requested by the certifying court:

> [I]f there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

The decision to certify is within the sound discretion of the court. *Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716–17 (10th Cir. 2005) (quotation omitted). "'Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law.'" *Marzolf v. Gilgore*, 924 F. Supp. 127, 129 (D. Kan. 1996) (quoting *Armijo v. Ex Cam, Inc.*, 843 F.2d 406 (10th Cir. 1988)). The federal courts should decide questions of state law when necessary to render a judgment, unless there exists "some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred." *Copier ex rel. Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998) (quoting *Meredith v. City of Winter Haven*, 320 U.S. 228, 234 (1943)). "Certification is never compelled, even when there is no state law governing an issue."

---

[3] (...continued)
however, consider this issue for efficiency purposes and because both parties have addressed it. But the parties are directed to follow this court's rules in the future.

*Boyd Rosene and Assocs., Inc. v. Kan. Mun. Gas*, 178 F.3d 1363, 1364 (10th Cir. 1999) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974)).

It is unnecessary to certify the issue to the Kansas Supreme Court. Under Kansas law, immunity is the exception and all doubts are construed against immunity. Although there is no state law governing immunity in this specific situation, Kansas law clearly holds that a defendant is not entitled to immunity when there is any doubt about its application. As the court explained above, the inspection immunity is inapplicable to plaintiffs' claims under Kansas law. Defendant's motion to certify is denied.

### *C.  Survival Claims*

Defendant contends that plaintiffs' survival claims fail to state a claim for relief because plaintiffs did not plead special damages as required by Fed. R. Civ. P. 9(g). Rule 9(g) provides that "[w]hen items of special damage are claimed, they shall be specifically stated." In a diversity action, the substantive law of Kansas determines whether a plaintiff is required to plead special damages. *See Woodmont Corp. v. Rockwood Ctr. P'ship*, 811 F. Supp. 1478, 1483 (D. Kan. 1993). Defendant has cited no Kansas law requiring a plaintiff to plead special damages in a survival action, and the court has found none. Because the special damages provision of Rule 9 is inapplicable, the liberal notice pleading standards of Fed. R. Civ. P. 8(a) apply to plaintiffs' survival claims. Under Rule 8, plaintiffs need only to provide a "short and plain statement" of the claim showing that they are entitled to relief.

In the complaint, plaintiffs allege that the airplane broke apart, that the decedents were conscious during their fall, and that they suffered mental and emotional damages before impact with

the ground.[4] Generally, under Kansas law, a decedent's estate may not recover for negligently induced, pre-impact mental and emotional damages unless accompanied by or resulting in physical injury. *Fogarty v. Campbell 66 Exp., Inc.*, 640 F. Supp. 953, 956–57 (D. Kan. 1986); *Fusaro v. First Family Mortg. Corp., Inc.*, 897 P.2d 123, 131 (Kan. 1995). "[P]hysical injury 'accompanies' emotional distress only if (1) the two intermingle or (2) the physical injury actually causes emotional distress. Clearly, subsequent physical injury could not cause prior emotional distress." *Fogarty*, 640 F. Supp. at 956–57. The only injuries alleged to occur before impact with the ground are mental and emotional; no physical injuries were alleged to have occurred before impact. Because they did not allege pre-impact physical injury, plaintiffs have not stated claims for mental and emotional damages. The court, therefore, finds that plaintiffs' survival claims fail to state a claim for relief.

Plaintiffs informally request that the court allow them to amend their complaint to allege physical damages. They have not filed a proper motion under Fed. R. Civ. P. 15 and have not provided the court with a proposed Amended Complaint. The court is not in a position to grant their request and is concerned with the timing of the request—plaintiffs' request was filed a month after the deadline for motions to amend. If plaintiffs wish to amend their complaint to allege physical damages, they should consider whether such a motion is appropriate at this stage of the proceeding and seek leave to amend their complaint in accordance with the Federal Rules of Civil Procedure and the local rules of this court within 10 days of this order.

### D.     *Negligent Misrepresentation Claims*

Under Kansas law, "[a] person commits negligent misrepresentation where, in the course of business, profession or employment, or in any other transaction in which he or she has a pecuniary

---

[4] Plaintiffs allege the decedents' deaths were instantaneous, and thus, do not allege a survival claim for post-impact injuries.

-8-

interest, he or she supplies false information for the guidance of others in their business transactions because he or she failed to exercise reasonable care or competence in obtaining or communicating the information." *Crandall v. Grbic*, 138 P.3d 365, 377 (Kan. Ct. App. 2006) (citing *Mahler v. Keenan Real Estate, Inc.*, 876 P.2d 609 (Kan. 1994)). Plaintiffs' complaint alleges negligent misrepresentation as a violation of the KCPA, not the common law tort of negligent misrepresentation. The KCPA governs consumer transactions and is intended, in part, "to protect consumers from suppliers who commit deceptive and unconscionable practices." K.S.A. §§ 50-626, 50-623(b). Under the KCPA, "'[c]onsumer transaction' means a sale, lease, assignment or other disposition for value of property or services within this state . . . to a consumer; or a solicitation by a supplier with respect to any of these dispositions." Consumer is defined as "an individual, husband and wife, sole proprietor, or family partnership who seeks or acquires property or services for personal, family, household, business or agricultural purposes." K.S.A. § 50-624(b). Corporations are not consumers under the Act. *See, e.g., State ex rel. Attorney Gen. v. Cooper*, No. 00 C 1394, 2005 WL 466116, at *1 (Kan. Dist. Ct. Feb. 24, 2005). Mr. Guimond's inspection was done for a corporation, Burkdoll. Because Burkdoll is a corporation and not a consumer under the KCPA, the June 2002 airplane inspection was not a consumer transaction and is not governed by the KCPA. The court finds that plaintiffs have not stated a claim under the KCPA. Plaintiffs' negligent misrepresentation claims under the KCPA are dismissed.[5]

### E. Negligence

To prevail on their negligence claims, plaintiffs must establish (1) the existence of a duty; (2) breach of the duty; (3) injury; and (4) a causal connection between the duty breached and the injury.

---

[5] Because plaintiffs' claims fail under the KCPA, the court need not address whether plaintiffs were the intended recipients of the representations or whether they reasonably relied on the representations.

*See City of Andover v. S.W. Bell Tel., L.P.*, 153 P.3d 561, 566 (Kan. Ct. App. 2007) (citing *Reynolds v. Kan. Dep't of Transp.*, 43 P.3d 799 (Kan. 2002)). Plaintiffs allege that defendant owed plaintiffs a duty under the Federal Aviation Regulations to properly inspect the aircraft and maintain the logbook. Defendant disputes the alleged duty, arguing the duty was owed to the public at large, not the decedents.

The existence of a duty is a question of law. *Roe ex rel. Roe v. Dep't of SRS*, 102 P.3d 396, 403 (Kan. 2004). The threshold requirement for the application of duty under Restatement (Second) of Torts § 324A is a showing that defendant undertook to render services to the plaintiffs. *P.W. v. Kan. Dep't of SRS*, 877 P.2d 430 (Kan. 1994). The parties have not given much attention to plaintiffs' negligence claim, and the cases defendant relies on are distinguishable from this case. In *Roe,* the court found that the government's undertaking was so limited that it did not give rise to a duty under § 324A. 102 P.3d at 403–04. In *P.W.,* the court found there was no duty owed under § 324A because there was no evidence that the defendants had performed any affirmative acts toward the plaintiffs or entered into any agreement with the plaintiffs. 877 P.2d at 435. The *P.W.* court noted that "'in all cases where it was found that the parties undertook to render services to another, they agreed to or were obligated to perform services for another that were accepted and thus the initial requirement of § 324A was met; and, in all cases where liability was not imposed, the defendants had no agreement and took no affirmative action that could be construed as an intentional undertaking to render services to another.'" *Id.* (quoting *Honeycutt v. City of Wichita*, 836 P.2d 1128 (Kan. 1992)). Here, plaintiffs have alleged that defendant entered an agreement and took an affirmative action to render services. At this stage of the proceeding, the court cannot conclude as a matter of law that plaintiffs are unable to prove any set of facts entitling them to relief under their negligence claim. Accordingly, defendant's motion is denied without prejudice.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss For Failure to State a Claim (Doc. 35) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendant's Motion to Certify Questions of Law (Doc. 37) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' Opposition to Defendant's Motion to Dismiss for Failure to State a Claim and Plaintiffs' Motion to Amend Complaint (Doc. 38) is denied.

Dated this 10th day of July 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**