IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MATTHEW J. BREWER, et al.**       ) | |
| ) | |
| **Plaintiffs,**       ) | |
| ) | CIVIL ACTION |
| v.       ) | |
| ) | No. 06-2126-CM |
| **THE BOARD OF COUNTY**       ) | |
| **COMMISSIONERS OF COFFEY**       ) | |
| **COUNTY, KANSAS, a governmental entity,** ) | |
| ) | |
| **Defendant.**       ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiffs Matthew J. Brewer, as personal representative of the heirs and the estate of Philip Tyrone Brewer, and Robert and Diana Ross, as co-personal representatives of the heirs and the estate of Sondra Noel Brewer, bring this wrongful death action against defendant Board of County Commissioners of Coffey County, Kansas. Plaintiffs originally pleaded two causes of action: (1) negligence and (2) negligent misrepresentation in violation of the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 et seq. Defendant moved to dismiss the survival, negligence, and negligent misrepresentations claims. On July 10, 2007, the court dismissed the survival and negligent misrepresentation claims. This matter is currently before the court on Plaintiffs' Motion for Application of Oregon Law (Doc. 79).[1]

**I.      Standard of Review**

A district court exercising diversity jurisdiction applies the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In Kansas, "'the law

---

[1] The factual background is set forth in the court's July 10, 2007 Order (Doc. 64) and need not be repeated here.

of the forum applies unless it is expressly shown that a different law governs, and in case of doubt, the law of the forum is preferred.'" *Layne Christensen Co. v. Zurich Can.*, 38 P.3d 757, 767 (Kan. App. Ct. 2002) (quotation omitted). For claims involving tort law, Kansas follows the rule of *lex loci delicti*. "[U]nder the doctrine of *lex loci delicti*, the situs of the injury determines the governing law." *Ling v. Jan's Liquors*, 703 P.2d 731, 735 (Kan. 1985). Thus, the law of the state where the tort occurred controls. Plaintiffs, as the party seeking to apply Oregon law, must present sufficient facts to establish that Oregon law applies. *See Layne Christensen Co.*, 38 P.3d at 767 ("Generally the party seeking to apply the law of a jurisdiction other than the forum has the burden to present sufficient facts to show that other law should apply.").

## II.     Discussion

Plaintiffs argue that Oregon law applies to their claims because the injury occurred in Oregon. Defendant argues that Kansas Law applies because (1) there is no clear evidence concerning the precise location of the injuries; (2) issue preclusion and collateral estoppel prevent plaintiffs from relitigating this issue; (3) plaintiffs did not seek to apply Oregon law in response to defendant's motion to dismiss; and (4) Kansas law applies to questions of governmental liability.

Plaintiffs' complaint alleges that the aircraft became uncontrollable while in the air, broke up in flight, and impacted the ground near Scappoose Bay, Oregon. It further alleges that as the aircraft broke apart, Mr. and Mrs. Brewer were ejected from the aircraft, and that they died on impact with the ground. To support its application of Oregon law, plaintiffs rely upon the National Transportation Safety Board ("NTSB") Factual Accident Investigation Report ("Report"). Defendant argues that there is no clear evidence that the injuries occurred in Oregon because the aircraft was crossing the border between Washington and Oregon when the accident occurred and

the Report does not specify the location of the Brewers' injuries or where their bodies were found.

Although the Report is silent as to the location of the Brewers' injuries, the evidence is sufficient to establish that the accident occurred in Oregon. The flight originated in Arlington, Washington and was en route to Medford, Oregon. (NTSB Report at 1.) The aircraft was destroyed near Warren, Oregon. (*Id*.) The main wreckage site was approximately two miles west of the Columbia River.[2] (*Id.* at 1b.) The Oregon State Medical Examiners Officer performed Mr. Brewer's autopsy in Portland, Oregon. (*Id*. at 1d.) After reviewing the record, the court finds that plaintiffs have shown sufficient facts to establish that the accident occurred in Oregon.

Defendant appears to assert a collateral estoppel argument by stating in its response that, "[c]ollateral estoppel or issue preclusion would appear to prevent the plaintiffs from relitigating the application of Kansas law in a second lawsuit," but defendant fails to establish that collateral estoppel applies. Collateral estoppel is only appropriate if: (1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiffs had a full and fair opportunity to litigate the issue in the first action. *Callicrate v. New Age Indus. Corp.*, No. 04-4008-JAR, 2005 WL 1027095, at *20 (D. Kan. Apr. 27, 2005) (citing *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 702 (Fed. Cir. 1983)). As the party asserting a collateral estoppel defense, defendant bears the burden of demonstrating that the identical issue was decided in the prior proceeding, and the court may not speculate on its behalf. *Id.; Kincaid v. Sturdevant*, 437 F. Supp. 2d 1219, 1224 (D. Kan. 2006). Defendant has not met its burden.

Defendant also argues that Oregon law cannot apply because plaintiffs did not raise the issue in response to defendant's motion to dismiss. But plaintiffs are not asking the court to reconsider its

---

[2] The report refers to a distribution area map, but the map is not in the court's record.

ruling on defendant's motion to dismiss or apply Oregon law to issues that have already been decided. The parties are still in the process of conducting discovery and framing the issues. Plaintiffs have not waived their choice-of-law argument by responding to defendant's Kansas law arguments with Kansas law. *See, e.g., Clark v. Assocs. Commercial Corp.*, 149 F.R.D. 629, 635 (D. Kan. 1993) ("At this early stage, there is no basis to the allegation that plaintiff has somehow waived any choice of law arguments by responding with Kansas law to Associates' Kansas law arguments.").

Defendant's final argument—that Kansas law must apply to questions of governmental liability—also fails. Defendant argues that the waiver of governmental immunity is limited by the Kansas Tort Claims Act, but as Kansas courts have recognized, the United States Constitution does not require "one state to apply a sister state's sovereign immunity in tort suits against the sister state." *Head v. Platte County, Mo.*, 749 P.2d 6, 9 (Kan. 1988) (holding "that the public policy of this state is that a sister state is sovereign only within its own boundaries, and its immunity laws have no extraterritorial force.") (citing *Nevada v. Hall*, 440 U.S. 410 (1979)). Defendant provides no authority to support its position that issues of governmental liability must be resolved by the laws of that governmental entity's state, and Kansas law suggests otherwise. Accordingly, defendant's liability may be determined by Oregon law.

After considering the parties' arguments and the applicable law, the court finds that Oregon law applies to plaintiffs' remaining tort claims.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Application of Oregon Law (Doc. 79) is granted.

-5-

Dated this 4th day of October 2007, at Kansas City, Kansas.

                              **s/ Carlos Murguia**
                              **CARLOS MURGUIA**
                              **United States District Judge**